Chief Justice Robertson,
delivered the opinion of the Court.
Absalom M. Sharp moved against Trover, a constable, and others his sureties, for the Statutory penalty for a failure by the constable to return, within twenty days from the return day, a fieri facias, which he had received to execute, in favor of Sharp, and against one Stubblefield.
On the hearing of the motion, the constable and his sureties proved that Stubblefield, (who was a tenant of one Baily) being indebted to Sharp, was prevailed on by him to subdivide the debt into six seperate notes, each for a sum within the jurisdiction of a justice of the peace, and to confess judgments upon them, and consent that executions might be issued and levied on his property, • which was liable to a distress by his landlord; that in the absence of the landlord’s agent, the property might be sold and should he bought by Sharp for his (Stubblefield’s) benefit, and that Sharp should receive from Stubblefield replevin bonds or promissory, notes, at any time within twelve months in discharges pi his judgments.
*276 They also proved that Sharp advised Stubblefield that such an arrangement would secure to him his property, which, otherwise, would be distrained by his landlord, as soon as his agent, then in an adjoining county, should return; and that, accordinglj1-, the judgments were confessed, executions issued and levied, and the property sold, all on tiie same day; that the property was, at Sharp’s instance, bought by one Patton, who, in consequence of the arrangement between the parties to the executions, left it all in Stubblefield’s possession, and was exonerated from paying the price, or any part of the price which he bid for it; in lieu of which it was agreed between all the parties, that if Stubblefield should pay the Amount of the judgments in bonds at any time within twelve months, the property should remain his, but that if he should fail thus to satisfy the judgments, Sharp should hold the property.
It was also proved that the constable was privy to the foregoing arrangement, and was told by Sharp that he was not expected or required to make any money upon the executions.
The executions were not returned until a day or two after the expiration of twenty days from the return day. And thereupon, before the expiration of twelve months from the salé, Sharp made six several motions against the constable and- his sureties, for the purpose of making them pay the whole amount of his six executions, and ten per cent, thereon. The circuit eourt, after hearing all the pi oof on both sidea, dismissed all the motions; and the parties having agreed that a decision, by this couit, of one of the cases, shall conclude all tlie others, this writ of error is prosecuted by Sharp in one of them. In considering this case, we shall not further notice any of the others.
The act of 1812, I. Dig. 297, Sec. 12, which authorizes a motion against a constable for failing to return an execution within a prescribed time, was enacted for the security and indemnity of bona fide creditors, by stimulating constables to’a faithful discharge of tiieir official duty, lest their wilful delinquencies or negligent delays may subject those, for whom they act, to actual inconvenience and damage. *277 Rut the statute would be perverted and made an instnaneiU of oppression and fraud, were it to be ap- , , ,. . 1 * * , . ,, 1 plied imiiscrnuiaately ana inexorably to all cases which a constable may have failed to return an execution within tne prescribed limitation.
If the plaintiff in an oxecmion has received his debt, either before or after the return of the execution, or if the execution has been satisfied by a sale of property to the plaintiff himself, he cannot thera. after recover by motion , against the constable and his sureties, the amount of the execution and ton per cent, damages fora failure to return it within-the time pro¿- • cribed by law.
In a motion allowed by the statute the recovery cannot be graduated according to the actual damage, nor can it be limited as it might be in a common law suit, on the official bond; to nominal damages for a mere technical breach of official duty, which may have occasioned no actual loss; but it must be for the whole penalty denounced by the law; and therefore, whenever an enforcement of the whole penalty would be inconsistent with the end and policy of the law, títere should be no recovery at all upon motion. For example — if an execution creditor shall have received his debt, either before or after the return of his execution, or if the execution shall have been satisfied by a sale of property to the creditor, surely he should not be permitted to coerce from the constable and his sureties the amount of the execution and the ten per cent, damages for a fallaré to return it within the time prescribed by the statute. Of this there can be no doubt.
If Sharp acted in good faith, his execution was satisfied, or should be deemed to have been satisfied, by the sale of Stubblefield’s property, and the purchase of it by his agent, Patton, at his instance and for his benefit: for it was clearly proved that it was agreed between all the parties, that Patton should not be responsible for the price which he bid for the property, but tiiat it should remain with Stubblefield for one year, and should be absolutely his, if, witfiin that time, be paid Sharp the amount of the executions in notes or bonds, but that, otherwise, it should be Sfiarp’s. In this aspect of the transaction, no other execution could have been rightfully issued by Sharp, and lie could neither have been, benefitted by a prompt return nor injured by a tardy return of the process that had been thus virtually satisfied.
Hence, if the ostensible acts of the parties exhibit their actual intentions, there can be no doubt tiiat *278 Sharp cannot have a right, moral or legal, to a judg*ment against the defendants for his original debt or for one cent. But if the sale was at’irk or device intended to embarrass or frustrate the lien of Stubblefield’s landlord, or was merely colorable, Sharp trifled with the law and with its executive officer, and was endeavoring to use them, not for the open, direct, and lawful purpose of making, by fair and legal means, fiis own debt, but as instruments in the accomplishment of ends which they should never subserve or countenance.
Monroe, tor plaintiff; Mor ahead, for defendant.
If this he the proper construction of the transaction, the constable, acquainted with the facts and with the intentions of the parties, would have acted properly if he had refused altogether to play any part in such a farce; and he would not have been obnoxious to legal reprehension, if he had withdrawn and refused to sell or levy; and he should not have been liable to the penalty now sought, for failing to return process which Sharp was endeavoring to misapply.
Shall a desperate debt he permitted tobe extorted by such dexterity' and indirection, from the sureties ol an officer, whose only fault was a failure to return, within the exact time prescribed by law, an execution which had been satisfied by the acts and directions of the creditor, or which, if it had not been thus satisfied, had been sported with by him, and diverted from its legitimate use. We think not. Skill shall not he thus rewarded, nor ignorance thus punished.
We approve the judgment of the circuit court as just and right, as diitated by sound policy, and perfectly accordant with pure morality and positive law.
Wherefore the judgment is affirmed.